UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEWEL L. BALLENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 5538 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jewel Ballentine brings suit against Defendant Michael Astrue, Commissioner of

Social Security, under Title VII, 42 U.S.C. § 2000e, *et seq*, and 42 U.S.C. § 1981, alleging that

Defendant discriminated against her on the basis of race and color by failing to select her to fill

one of twelve vacant positions at the Social Security Administration ("SSA"). Before the Court

is Defendant's motion for summary judgment.

## BACKGROUND

The following background is taken from Defendant's Local Rule 56.1 Statement of

Material Facts.[1]

Plaintiff alleges that Defendant discriminated against her on the basis of race and color

when she was not selected for any of the twelve "contract representative" positions in the SSA's

Chicago Teleservice Center. (Def.'s 56.1(a), ¶ 1.) In May 2004, Plaintiff applied for a contract

representative position with the SSA under Vacancy Announcement No. SI192479, using the

---

[1]Although Plaintiff purports to dispute several of Defendant's material facts, she offers
no evidence in support of her denials. Rather, she cites either to her complaint or to other
materials, the relevance of which is not clear. Therefore, the entirety of Defendant's material
facts will be deemed admitted. *See* L.R. 56.1(b)(3)(C).

United States' official web-based job site, www.usajobs.gov. (Def.'s 56.1(a), ¶ 2.) Plaintiff believes that because she previously worked for a few years as a contract representative with the Internal Revenue Service in Memphis, Tennessee, she should have received an interview for a contract representative position with the SSA under Vacancy Announcement No. SI192479. (Def.'s 56.1(a), ¶ 3.) With respect to Vacancy Announcement No. SI192479, Plaintiff does not know (a) whether any of the questions or information sought in the application process asked applicants to identify their race or color, (b) the number of persons who applied, (c) how persons were selected for interviews, (d) why she was not selected for an interview, (e) who made decisions with respect to interviews, (f) whether any applicants were prior federal employees, or (g) whether anyone was hired under the announcement. (Def.'s 56.1(a), ¶ 4.)

In her Amended Complaint, Plaintiff alleged that the SSA discriminated against her based on race by hiring ten or more Hispanic individuals as contract representatives, even though Vacancy Announcement No. SI192479 contained no requirement that applicants have the ability to speak both Spanish and English. (Def.'s 56.1(a), ¶ 5.) Subsequent to her Amended Complaint, Plaintiff learned through discovery that the SSA issued a second Vacancy Announcement for the twelve contract representative positions in the SSA's Chicago Teleservice Center, No. SI192646, that required applicants to have the ability to speak both Spanish and English. (Def.'s 56.1(a), ¶ 6.) Plaintiff did not apply for the position under Vacancy Announcement No. SI192646 and does not speak Spanish. (Def.'s 56.1(a), ¶ 7.) With respect to Vacancy Announcement No. SI192646, Plaintiff does not know (a) whether the applicants were bilingual, (b) whether they were of Hispanic origin, (c) their race or color, or (d) whether any of the applicants were hired. (Def.'s 56.1(a), ¶ 8.)

2

## LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ .P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita* ); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

3

## ANALYSIS

### *Title VII*

A Title VII plaintiff seeking to avoid summary judgment may proceed either under the direct or indirect method. *See Rudin v. Lincoln Land Community College*, 420 F.3d 712, 719 (7th Cir. 2005) ("[a plaintiff] 'can avert summary judgment . . . either by putting in enough evidence, whether direct or circumstantial, of discriminatory motivation to create a triable issue or by establishing a *prima facie* case under the *McDonnell Douglas* formula.'") (quoting *Sheehan v. Daily Racing Form, Inc.,* 104 F.3d 940, 940 (7th Cir. 1997)). In this case, Plaintiff asserts that she can establish a *prima facie* case of discrimination.

To establish a *prima facie* case under Title VII, Plaintiff must show (1) that she is a member of a protected group; (2) that she applied and was qualified for the position sought; (3) that she was rejected for the position; and (4) the employer filled the position with a person not in Plaintiff's protected class, or the position remained open. *Mills v. Health Care Service Corp.*, 171 F.3d 450, 454 (7th Cir. 1999).

Here, Plaintiff admits that she does not know who, if anyone, was hired for the position. Thus, Plaintiff can offer no evidence to support the fourth prong of a *prima facie* case. Plaintiff's failure in this regard is fatal to her case. To avoid summary judgment, a party must come forward with evidence to create a genuine issue of material fact. *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001). Here, Plaintiff offers nothing but her own unsupported allegations and speculation as to who was hired for the position and the reasons for that decision. Therefore, because plaintiff has failed to raise any genuine issue of material fact, Defendant's motion for summary judgment is granted with respect to Plaintiff's Title VII claim.

4

*Section 1981*

Section 1981 does not apply to discrimination claims against the federal government.

*Espinueva v. Garrett*, 895 F.2d 1164, 1165 (7th Cir. 1990); *Lee v. Hughes*, 145 F.3d 1272, 1277

(11th Cir. 1998). Therefore, Defendant's motion for summary judgment with respect to

Plaintiff's § 1981 claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted.

Dated: May 21, 2009

JOHN W. DARRAH
United States District Court Judge